USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 3/7/25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

---

ALI JONES p/k/a "ALI",

           Plaintiff,

- against -

UNIVERSAL MUSIC GROUP, UNIVERSAL MUSIC PUBLISHING GROUP, UNIVERSAL MUSIC CORP., BMG SONGS, INC., KOBALT MUSIC PUBLISHING AMERICA INC. d/b/a KOBALT MUSIC GROUP, HIPGNOSIS SONGS GROUP, LLC, HARBOURVIEW EQUITY PARTNERS, LLC, and CORNELL IRA HAYNES, JR. p/k/a "NELLY",

           Defendants.

---

**24-CV-7098 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

    Before the Court is Plaintiff Ali Jones's ("Jones") response (see Dkt. No. 54) to the Court's Order to Show Cause as to why the Amended Complaint should not be dismissed without prejudice as to the Defendants who have not been served. (See Dkt. No. 30.) For the reasons explained below, the Court dismisses the action without prejudice as to the Defendants who have not been served.

### I. BACKGROUND

    On November 25, 2024, Jones filed his Amended Complaint. (See Dkt. No. 11.) Defendant Cornell Ira Haynes ("Haynes") agreed to waive service. (See Dkt. No. 15.) The remaining named Defendants – Universal Music Group, Universal Music

1

Publishing Group, Universal Music Corp., BMG Songs, Inc., Kobalt Music Publishing America, Inc. d/b/a Kobalt Music Group, Hipgnosis Songs Group, LLC, and Harbourview Equity Partners, LLC (collectively, the "Corporate Defendants") – have not been served. "If a defendant is not served within 90 days after the complaint is filed, the court . . . must dismiss the action without prejudice against that defendant or order that service be made within a specified time." Fed. R. Civ. Pro. 4(m).

On February 25, 2025, this Court ordered Jones to show cause as to why this action should not be dismissed without prejudice as to the Corporate Defendants. (See Dkt. No. 30.) On March 4, 2025, Jones responded via letter (see Dkt. No. 54) supported by his counsel's declaration (see Dkt. No. 55). Jones argued that he submitted waivers of service on the Corporate Defendants in accordance with Federal Rule of Civil Procedure ("Rule") 4(d) on January 9, 2025, "expecting good faith compliance," the Corporate Defendants failed to respond, and Jones "relied in good faith" on the waiver service requests. (Dkt. No. 54, at 2.) Jones also stated that the number and geographic locations of the Corporate Defendants, the dismissal of Jones's initial Complaint and amendment of pleadings, and Haynes's pending Motion for

2

Sanctions (see Dkt. No. 18) impacted service on the Corporate Defendants. (Dkt. No. 54, at 1-2.) Finally, Jones claimed that an extension of time to complete service on the Corporate Defendants would not prejudice them because they are "sophisticated business entities with legal representation and have been aware of the lawsuit since its filing." (Dkt. No. 54, at 3.)

## II. DISCUSSION

The Court finds that Jones has not shown "good cause" for his failure to serve the Corporate Defendants by the 90-day deadline. Fed. R. Civ. P. 4(m). Regarding Jones's reliance on the Corporate Defendants' unexecuted waivers of service, "service by waiver was not effectuated, because [Jones] did not comply with Rule 4(d)," which "required [Jones] to request a waiver of service from [the Corporate Defendants], obtain [their] written agreement on a waiver of service form, and then file the executed form." Kogan v. Facebook, Inc., 334 F.R.D. 393, 400 (S.D.N.Y. 2020) (dismissing complaint for failure to comply with Rule 4(d)).

Likewise, none of Jones's other proffered excuses satisfy the standard for "good cause," which exists only in "exceptional circumstances where the plaintiff's failure to

3

serve process in a timely manner was the result of circumstances beyond its control." Ping Chen ex rel. U.S. v. EMSL Analytical, Inc., 966 F. Supp. 2d 282, 306 (S.D.N.Y. 2013) (quotation omitted). Regardless of Jones's explanations, Jones "did not even request leave to file a waiver of service or an extension of time to serve" the Corporate Defendants. Kogan, 334 F.R.D. at 402. Indeed, Jones did not request the Court to issue summonses to the Corporate Defendants until February 27, 2025 — four days after his time to effectuate service expired under Rule 4(m) and only after this Court ordered Jones to show cause as to why the action should not be dismissed without prejudice as to the Corporate Defendants. (See Dkt. Nos. 31-37.)

### III. ORDER

Accordingly, it is hereby

**ORDERD** that Plaintiff Ali Jones's Amended Complaint is **DISMISSED** without prejudice as to Universal Music Group, Universal Music Publishing Group, Universal Music Corp., BMG Songs, Inc., Kobalt Music Publishing America Inc. d/b/a Kobalt Music Group, Hipgnosis Songs Group, LLC, and Harbourview Equity Partners, LLC for failure to effect timely service.

**SO ORDERED.**

Dated:     March 7, 2025
           New York, New York

_____
                                      Victor Marrero
                                         U.S.D.J.