USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 4/16/25

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

| | |
|---|---|
| ALI JONES p/k/a "ALI",<br><br>                    Plaintiff,<br><br>    - against -<br><br>CORNELL IRA HAYNES, JR. p/k/a "NELLY",<br><br>                    Defendant. | **24-CV-7098 (VM)**<br><br>**DECISION AND ORDER** |

**VICTOR MARRERO, United States District Judge.**

Before the Court is plaintiff Ali Jones's ("Jones") notice of voluntary dismissal ("Notice of Voluntary Dismissal," Dkt. No. 65) pursuant to Federal Rule of Civil Procedure 41(a)(1)(A)(i) and defendant Cornell Ira Haynes, Jr.'s ("Haynes") request that the Court retain jurisdiction and permit Haynes to renew his motion for sanctions ("Sanctions Motion," Dkt. No. 18) under Federal Rule of Civil Procedure 11 ("Rule 11") and 28 U.S.C. § 1927 ("Section 1927") (see Dkt. Nos. 64, 67). For the reasons explained below, the Court approves Jones's Notice of Voluntary Dismissal[1], retains jurisdiction to adjudicate Haynes's Sanctions Motion, and

---

[1] Notices of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) generally do not require court approval. Here, however, the Clerk's Office requested that the Court approve Jones's Notice of Voluntary Dismissal because the Dismissal does not name all parties. (See Dkt. Entry for Apr. 14, 2025.)

1

grants Haynes's request to renew his previously filed Sanctions Motion.

## I. BACKGROUND

On September 18, 2024, Jones and co-plaintiffs Torhi Harper p/k/a "Murphy Lee" ("Harper"), Robert Kyjuan Cleveland p/k/a "Kyjuan" ("Kyjuan"), and Lavell Webb ("Webb") initiated this copyright infringement action against defendants Universal Music Group, Universal Music Publishing Group, Universal Music Corp., BMG Songs, Inc., Kobalt Music Publishing America, Inc. d/b/a Kobalt Music Group, Hipgnosis Songs Group, LLC, Harbourview Equity Partners, LLC (collectively, the "Corporate Defendants"), and Haynes. (See Dkt. No. 1.) On November 22, 2024, plaintiffs Harper, Kyjuan, and Webb dismissed their claims against all defendants. (See Dkt. No. 8; see also Dkt. No. 10 (corrected notice of voluntary dismissal).) On November 25, 2024, Jones filed an Amended Complaint against all defendants. (See Dkt. No. 11.) On January 16, 2025, Haynes filed his Sanctions Motion, along with a supporting memorandum of law and declaration of his counsel Kenneth D. Freundlich ("Freundlich Declaration"). (See Dkt. Nos. 18-20.) Included as an exhibit to the Freundlich Declaration was a letter dated December 5, 2024, with an appended Rule 11 motion for sanctions that Freundlich sent to Jones's counsel. (See Dkt. No. 20-4.) On March 7,

2

2025, the Court dismissed the Corporate Defendants because Jones failed to serve them in accordance with Federal Rule of Civil Procedure 4(m). (See Dkt. No. 58.)

In his Sanctions Motion, Haynes argued that Jones's Amended Complaint warranted sanctions under Rule 11 and Section 1927 because, among other things, after Haynes informed Jones that his copyright claims were time-barred, Jones filed an Amended Complaint that removed references to dates instead of dismissing the action. (See Dkt. No. 19 at 8.) Rule 11 provides that by signing or filing a document before the Court, the attorney certifies that to the best of the attorney's "knowledge, information, and belief, formed after an inquiry reasonable under the circumstances," the document, among other things, "is not being presented for any improper purpose," its claims "are warranted by existing law or by a nonfrivolous argument for extending, modifying, or reversing existing law or for establishing new law," and its "factual contentions have evidentiary support" or "will likely have evidentiary support after a reasonable opportunity for further investigation or discovery." Fed. R. Civ. P. 11(b). Section 1927 provides that an attorney who "multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally

3

the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927.

This Court referred Haynes's Sanctions Motion to Magistrate Judge Lehrburger, who on March 20, 2025, denied the Motion without prejudice to renew following this Court's pending decision on Haynes's proposed motion to dismiss. (See Dkt. No. 59.) On March 26, 2025, Haynes filed his motion to dismiss the Amended Complaint in its entirety. (See Dkt. No. 60.) Rather than oppose the motion to dismiss, Jones submitted the Notice of Voluntary Dismissal on April 11, 2025. (See Dkt. No. 65.) Although notices of voluntary dismissal under Federal Rule of Civil Procedure 41(a)(1)(A)(i) generally do not require court approval, the Clerk's Office requested that the Court approve Jones's Notice of Voluntary Dismissal because the Notice names only Jones and Haynes. (See Dkt. Entry for April 14, 2025.)

Now, Haynes argues that Jones's decision to voluntarily dismiss the action should not relieve Jones and his counsel from defending against the Sanctions Motion. (See Dkt. Nos. 64, 67.) Haynes asks the Court to retain jurisdiction so that Haynes may renew his Sanctions Motion. (See Dkt. No. 64.) Jones argues that his Notice of Voluntary Dismissal was effective upon filing and divested the Court of jurisdiction to entertain any further proceedings in this action,

4

including Haynes's proposed Sanctions Motion. (See Dkt. No. 66.)

## II. DISCUSSION

As an initial matter, the Court notes that Jones properly named only himself and Haynes as parties in this action in the Notice of Voluntary Dismissal. (See Dkt. No. 65.) As explained above, on November 26, 2024, plaintiffs Harper, Kyjuan, and Webb dismissed their claims against all defendants. (See Dkt. No. 12.) On March 7, 2025, the Court dismissed the Corporate Defendants because Jones failed to serve them. (See Dkt. No. 58.) As such, Jones and Haynes are the only remaining parties, and the Court approves Jones's Notice of Voluntary Dismissal.

The Court now addresses the parties' arguments regarding the Court's jurisdiction to hear a post-dismissal motion for sanctions. Jones's argument that his Notice of Voluntary Dismissal divests this Court of jurisdiction for purposes of the renewed Sanctions Motion is baseless. "It is well established that a federal court may consider collateral issues after an action is no longer pending." Cooter & Gell v. Hartmarx Corp., 496 U.S. 384, 395 (1990). Courts regularly retain jurisdiction after voluntary dismissal to adjudicate motions for sanctions pursuant to Section 1927 and Rule 11. See Abreu v. Receivable Collection Servs., LLC, No. 18 Civ.

04103, 2019 WL 1876722, at *1 (E.D.N.Y. Apr. 26, 2019) (retaining jurisdiction after dismissal to adjudicate a sanctions motion under Section 1927); Cooter, 496 U.S. at 395 (holding that district courts may enforce Rule 11 sanctions motions even after the filing of a notice of voluntary dismissal under Rule 41(a)(1)).

However, "a motion for sanctions [under Rule 11] should not be filed after a point in the litigation when the lawyer sought to be sanctioned lacked an opportunity to correct or withdraw the challenged submission." Lee v. Hilco Trading, LLC, No. 17 Civ. 00343, 2019 WL 10303702, at *2 (D. Conn. Mar. 14, 2019). Indeed, Rule 11 provides that a motion for sanctions "must not be filed or be presented to the court if the challenged paper . . . is withdrawn or appropriately corrected within [twenty-one] days after service or within another time the court sets." See Fed. R. Civ. P. 11(c)(2). Hence, courts permit the filing of a Rule 11 motion after dismissal only if the movant served the nonmoving party with the motion at least twenty-one days before dismissal, such that the nonmoving party had the opportunity to correct or withdraw the allegedly sanctionable filing within Rule 11's "safe harbor" provision. See, e.g., Huggins v. Lueder, Larkin & Hunter, LLC, 39 F.4th 1342, 1346 (11th Cir. 2022) ("[A]s long as the safe harbor period elapses, a Rule 11 motion filed

after final judgment is allowed."); Consumer Crusade, Inc. v. Pub. Tel. Corp. of Am., No. 05 Civ. 00208, 2006 WL 2434081, at *3 (D. Colo. Aug. 21, 2006) ("[S]o long as the Defendants complied with the procedural requirements of Rule 11(c)(1)(A) . . . the fact that the motion was not actually filed until after dismissal of the action does not strip the Court of jurisdiction."); see also § 1337.2 Procedural Aspects of Rule 11 Motions — The Safe Harbor Provision, 5A Fed. Prac. & Proc. Civ. § 1337.2 (4th ed.) (listing cases).

Here, Haynes served his Sanctions Motion pursuant to Rule 11 and Section 1927 on Jones's counsel on December 5, 2024 – forty-two days before Haynes ultimately filed the Sanctions Motion on January 16, 2025.[2] (See Dkt. Nos. 18, 20-4.) Jones filed his Notice of Voluntary Dismissal on April 11, 2025. (See Dkt. No. 65.) Accordingly, the Court finds that it has jurisdiction to adjudicate Haynes's previously filed Sanctions Motion and grants Haynes leave to renew his Motion. The Court does not grant Haynes leave to add additional Rule 11 sanctions allegations to his Motion,

---

[2] Although the Rule 11 motion for sanctions served upon Jones's counsel on December 5, 2024, was not identical to the Sanctions Motion that was ultimately filed, the Court finds that, for the purposes of determining jurisdiction, Haynes complied with Rule 11's safe harbor provision. See Star Mark Mgmt., Inc. v. Koon Chun Hing Kee Soy & Sauce Factory, Ltd., 682 F.3d 170, 176 (2d Cir. 2012) (movant "met the procedural requirements of the safe harbor provision of Rule 11(c)(2) by serving its notice of motion for Rule 11 sanctions with its January 9, 2008, letter, even though it did not serve at that time supporting affidavits or a memorandum of law").

7

however, because Jones can no longer correct or withdraw his allegedly sanctionable pleading. See Rowe Ent., Inc. v. William Morris Agency, Inc., No. 98 Civ. 8272, 2005 WL 1804233, at *9 (S.D.N.Y. Aug. 1, 2005) (denying Rule 11 motion filed after entry of summary judgment because non-moving party could no longer correct or withdraw its allegedly sanctionable filing). Jones is directed to file opposing papers, if any, within fourteen (14) days after service of Haynes's Sanctions Motion. Haynes is directed to file reply papers, if any, within seven (7) days after service of Jones's answering papers.

### III. ORDER

Accordingly, it is hereby

**ORDERD** that the notice of voluntary dismissal of plaintiff Ali Jones ("Jones") (see Dkt. No. 65) is approved. It is further

**ORDERED** that the request of defendant Cornell Ira Haynes, Jr. p/k/a "Nelly" ("Haynes") to renew his previously filed motion for sanctions (see Dkt. Nos. 64, 67) is **GRANTED** because the Court retains jurisdiction to adjudicate the motion. Jones is directed to file opposing papers, if any, within fourteen (14) days after service of Haynes's motion for sanctions. Haynes is directed to file reply papers, if

any, within seven (7) days after service of Jones's answering papers.

**SO ORDERED.**

Dated:   April 16, 2025
         New York, New York

_____
Victor Marrero
U.S.D.J.