USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED:  5/28/2026

**UNITED STATES DISTRICT COURT**
**SOUTHERN DISTRICT OF NEW YORK**

ALI JONES p/k/a "ALI",

                Plaintiff,

- against -

CORNELL IRA HAYES, JR. p/k/a "NELLY",

                Defendant.

**24 CV 7098 (VM)**

**DECISION AND ORDER**

**VICTOR MARRERO, United States District Judge.**

On October 10, 2025, Magistrate Judge Robert W. Lehrburger entered a Report and Recommendation ("R&R") recommending that this Court grant in part the motion of defendant Cornell Ira Haynes, Jr. ("Haynes") for sanctions under Federal Rule of Civil Procedure 11 ("Rule 11") and 28 U.S.C. § 1927 ("Section 1927"). (See R&R, Dkt. No. 79.) On November 5, 2025, this Court adopted the R&R in its entirety and ordered that Haynes be awarded, as against Precious Felder, Esq., ("Precious Felder"), counsel for plaintiff Ali Jones ("Jones"), his reasonable attorneys' fees and costs incurred in defending this matter after Jones filed his Amended Complaint and in bringing the motion for sanctions. (See Dkt. No. 80.)

Now pending before the Court is Haynes's application for attorneys' fees and costs (the "Fee Petition"), seeking a total of $84,482.50. (See "Freundlich Declaration" or

1

"Freundlich Decl.," Dkt. No. 81 ¶ 17; "Grossbardt Declaration" or "Grossbardt Decl.," Dkt. No. 86 ¶ 14; Dkt. No. 85.) For the reasons discussed below, Haynes's Fee Petition is GRANTED IN PART and DENIED IN PART.

## I.    BACKGROUND

The Court presumes the parties' familiarity with the facts of this case, which are explained in greater detail in the R&R. (See R&R.) On November 19, 2025, in support of the Fee Petition, Haynes's counsel, Freundlich Law, APC, ("Freundlich Law") submitted a declaration setting forth the attorneys who worked on the matter, their hourly rates, hours billed, and the attorneys' seniority levels and experience. (See Freundlich Declaration.) The declaration also included billing records detailing the attorneys' work on behalf of Haynes. (See id. at Ex. 1.) On November 26, 2025, Precious Felder filed a declaration in opposition. (See "Felder Declaration" or "Felder Decl.," Dkt. No. 82.) On December 10, 2025, Freundlich Law submitted a letter in reply (see "Reply," Dkt. No. 85) and filed an additional declaration supporting the request for attorneys' fees in connection with time spent reviewing the opposition and requesting and preparing the Reply. (See Grossbardt Declaration.)

## II.  **LEGAL STANDARD**

Pursuant to Section 1927, "[a]ny attorney or other person admitted to conduct cases in any court of the United States . . . who so multiplies the proceedings in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses, and attorneys' fees reasonably incurred because of such conduct." 28 U.S.C. § 1927. Rule 11 permits a court to "award to the prevailing party the reasonable expenses, including attorney's fees, incurred" in connection with a motion for sanctions. Fed. R. Civ. P. 11.

A district court has "considerable discretion" in determining what constitutes a reasonable fee award. De La Cruz Moreno v. Happy Angel Nail Spa Inc., No. 15-CV-10078, 2019 WL 2438966, at *10 (S.D.N.Y. June 12, 2019) (citation omitted). "A district court calculates the presumptively reasonable fee by multiplying the reasonable number of hours that the case requires by the reasonable hourly billing rate." Gamero v. Koodo Sushi Corp., 328 F. Supp. 3d 165, 172 (S.D.N.Y. 2018) (citation omitted). "[A] district court should exclude excessive, redundant or otherwise unnecessary hours[.]" Quaratino v. Tiffany & Co., 166 F.3d 422, 425 (2d Cir. 1999); see also Palmer v. County of Nassau, 977 F. Supp.

2d 161, 170 (E.D.N.Y. 2013) ("[T]he Court must assess the reasonableness of the time expended and adjust those portions of an invoice that reflect excessive, redundant or otherwise unnecessary hours." (citation and quotation marks omitted)).

The party seeking attorneys' fees "bear[s] the burden of documenting the hours reasonably spent by counsel, and the reasonableness of the hourly rates claimed." Allende v. Unitech Design, Inc., 783 F. Supp. 2d 509, 512 (S.D.N.Y. 2011) (citation omitted); see also Hensley v. Eckerhart, 461 U.S. 424, 433 (1983) ("The party seeking an award of fees should submit evidence supporting the hours worked and rates claimed.").

## III. DISCUSSION

Haynes seeks a total of $84,482.50 in attorneys' fees for 20.7 hours of Kenneth Freundlich's ("Freundlich") time at $725 per hour, 98 hours of Jonah Grossbardt's ("Grossbardt") time at $575 per hour, and 35 hours of Hugh Rosenberg's ("Rosenberg") time at $375 per hour.[1] (See Freundlich Decl. ¶ 17; Grossbardt Declaration ¶ 14; Reply.)

---

[1] The Court arrives at the total hour figures by adding the time Freundlich Law spent defending this matter after Jones filed his Amended Complaint and in bringing the motion for sanctions with the time spent reviewing Precious Felder's Fee Petition opposition and requesting and preparing the Reply. (See Freundlich Decl. ¶ 17; Grossbardt Declaration ¶ 14; Reply.)

A.    REASONABLE RATES

The "presumptively reasonable fee" is "the lodestar" – "the product of a reasonable hourly rate and the reasonable number of hours required by the case." Millea v. Metro-N. R. Co., 658 F.3d 154, 166 (2d Cir. 2011). "Attorney's fees must be reasonable in terms of the circumstances of the particular case[.]" Alderman v. Pan Am World Airways, 169 F.3d 99, 102 (2d Cir. 1999). A reasonable hourly rate is based on "the prevailing market rate for lawyers in the district in which the ruling court sits." Anthony v. Franklin First Fin., Ltd., 844 F. Supp. 2d 504, 507 (S.D.N.Y. 2012) (citation omitted); see also McDonald ex rel. Prendergast v. Pension Plan of the NYSA-ILA Pension Tr. Fund, 450 F.3d 91, 96 (2d Cir. 2006) (finding that a reasonable hourly rate is one that aligns with rates prevailing "in the community for similar services by lawyers of reasonably comparable skill, expertise and reputation" (citation and quotation marks omitted)).

To determine the prevailing market rate, "[t]he rates used by the court should be current rather than historic hourly rates." Reiter v. MTA N.Y. City Transit Auth., 457 F.3d 224, 232 (2d Cir. 2006). Additionally, "courts may conduct an empirical inquiry based on the parties' evidence or may rely on the court's own familiarity with the rates if

no such evidence is submitted." Wong v. Hunda Glass Corp., 09-CV-4402, 2010 WL 3452417 at *3 (S.D.N.Y. Sept. 1, 2010).

Here, the Court finds that that hourly rates at issue are in line with both the prevailing market rates and the rates charged by attorneys of similar experience and expertise. Freundlich, who charges $725 per hour, is the founder of Freundlich Law and has been practicing law for more than forty years. (See Freundlich Decl. ¶¶ 1, 3, 17.) Grossbardt, who charges $575 per hour, is a senior counsel who has been practicing law for more than seventeen years. (See id. ¶¶ 6, 7, 17.) Rosenberg, who charges $375 per hour, is an associate who has been practicing law for more than four years. (See id. ¶ 9.)

The Court finds that each attorney's hourly rate is reasonable and accords with rates charged by other attorneys with similar experience handling similar matters. See, e.g., BMaddox Enters. LLC v. Oskouie, No. 17-CV-1889RASLC, 2023 WL 1418049, at *4 (S.D.N.Y. Jan. 6, 2023), report and recommendation adopted, No. 17-CV-1889RASLC, 2023 WL 1392075 (S.D.N.Y. Jan. 30, 2023) ("Courts awarding attorneys' fees in copyright cases have regularly found rates in the range of $400 to $750 an hour for partners to be reasonable."); Viahart, LLC v. Creative Kids Online, LLC, No. 20-CV-9943,

2025 WL 2806561, at *5 (S.D.N.Y. Oct. 1, 2025) (finding reasonable counsel rates of $535 and $625 per hour); Genger v. Genger, No. 14-CV-5683, 2015 WL 1011718, at *2 (S.D.N.Y. Mar. 9, 2015) ("New York district courts have . . . recently approved rates for law firm associates in the range of $200 to $450 per hour.").

    B.    REASONABLE HOURS

    Once a reasonable rate of pay has been calculated, to determine the award amount, courts next multiply that figure by a reasonable number of hours expended. See H.A. v. New York City Dep't of Educ., No. 20-CV-10785, 2022 WL 580772, at *3 (S.D.N.Y. Feb. 25, 2022). To determine the reasonableness of hours spent on a matter, "[t]he district court may attempt to identify specific hours that should be eliminated, or it may simply reduce the award" by a reasonable percentage. Hensley, 461 U.S. at 436–37; see also McDonald, 450 F.3d at 96 ("A district court may exercise its discretion and use a percentage deduction as a practical means of trimming fat from a fee application.").

    Precious Felder asserts five primary arguments in support of the contention that the hours Freundlich Law claimed are unreasonable: (1) the invoices contain vague descriptions of the attorneys' work; (2) block billing

requires a percent reduction; (3) various entries reflect clerical administrative work; (4) the invoices indicate duplication, over-staffing, and redundant efforts; and (5) the hours billed are disproportionate to the work performed. (See Felder Decl. at 5-9.)

As an initial matter, the Court is not persuaded that the invoices reflect duplicate or redundant billing. Precious Felder points to instances where "three different attorneys bill[ed] for drafting, revising, and editing the same documents on overlapping dates" and argues that "[t]hese layers of internal review and re-review are unnecessary and unreasonable" for this type of case. (Felder Decl. at 8.) Although a court may exclude hours that it determines are "excessive, redundant, or otherwise unnecessary," Hensley, 461 U.S. at 434, this Court finds it reasonable that multiple attorneys – particularly attorneys of different seniority levels – would take part in preparing motions, specifically a dispositive motion to dismiss. Here, layers of internal review reflect reasonably diligent lawyering – not excessive or unnecessary effort.

Precious Felder additionally asserts that descriptions including "reviewed docket," "reviewed case status," "reviewed court filings," or "reviewed emails re: case

status" "do not meet the threshold for compensable billing" because they are impermissibly vague. (Felder Decl. at 5.) As to those entries, the Court agrees that some narratives in the time records "mak[e] it difficult for the Court to determine if the hours recorded are reasonable." Entral Grp. Int'l, LLC v. 7 Day Cafe & Bar Inc., No. 05-CV-1911, 2006 WL 8439052, at *22 (E.D.N.Y. Sept. 29, 2006), report and recommendation adopted in part, No. 05-CV-1911, 2006 WL 8439053 (E.D.N.Y. Nov. 17, 2006) (finding that timesheets containing entries such as "began reviewing files," "conference regarding status of cases," and "reviewed dockets" were vague and reducing hours by ten percent). Nevertheless, those entries were often billed as part of a more descriptive narrative – for example, "Reviewed docket and called Court" (Freundlich Decl. Ex. 1 at 9) – or merely accounted for 0.1 hours of billed time. Accordingly, the Court deems it appropriate to reduce the stated hours by ten percent for vagueness. See, e.g., Bobrow Palumbo Sales, Inc. v. Broan-Nutone, LLC, 549 F. Supp. 2d 274, 284 (E.D.N.Y. 2008) (finding an across-the-board reduction of ten percent for all of the hours requested to be appropriate due to various instances of "lack of specificity").

Precious Felder next contends that block-billed entries warrant substantial reductions in the claimed hours. (See Felder Decl. at 6.) Precious Felder takes issue with "several entries between 4.0 and 6.4 hours [that] contain multiple layers of drafting, research, docket review, and internal consultations." (Id.) However, this argument is unpersuasive, as for those entries, "it is not at all unclear to the Court what task was being performed during this time." Ammann v. Sharestates, Inc., No. 21-CV-2766, 2025 WL 974574, at *12 (E.D.N.Y. Apr. 1, 2025). The handful of entries billed in this manner "either involve only one task, do not bill for more than five hours, or are reasonable in that the tasks described, in the aggregate, would have taken the total amount of time identified." Id. The Court thus finds that the billing format Freundlich Law used to bill for these items does not warrant a reduction in hours.

Precious Felder next argues that various entries reflect clerical administrative work – for example, entries that indicate time spent "filing" letters or motions. (Felder Decl. at 7.) "A court has discretion to make across-the-board percentage reductions" and "may make such reductions when attorneys engage in less skilled work, like filing and other administrative tasks." E.S. v. Katonah-Lewisboro School

Dist., 796 F. Supp. 2d 421, 431 (S.D.N.Y. 2011). Accordingly, in light of the handful of entries in which attorney time was billed for the completion of clerical and administrative tasks, the Court exercises its discretion to reduce the time billed by an additional ten percent. See, e.g., Ilkowitz v. Durand, No. 17-CV-773, 2020 WL 2836264, at *8 (S.D.N.Y. May 31, 2020) (finding that time billed for clerical tasks was among the "billing-related issues" that warranted a reduction in a Rule 11 fee application).

Finally, Precious Felder argues that the total hours Freundlich Law billed are excessive. (See Felder Decl. at 8-9.) However, after a careful review of the billing entries, the Court finds that the 153.7 hours expended – subject to an across-the-board twenty-percent reduction for the reasons stated above - are not disproportionate to the services Freundlich Law provided to Haynes. Freundlich Law's work extended beyond a simple, discrete motion and included tasks such as reviewing the Amended Complaint, drafting letters to the Court, preparing two motions for sanctions and accompanying documents, attending a hearing, and preparing a motion to dismiss along with a letter reply. (See Freundlich Decl. ¶ 18; Grossbardt Decl. ¶ 14.) In calculating an award of attorneys' fees, courts "should focus on the significance

of the overall relief obtained in relation to the hours reasonably expended on the litigation. . . . The most critical factor is the degree of success obtained." Kirschner v. Zoning Bd. of Appeals of Inc. Vill. of Valley Stream, 159 F.R.D. 391, 396 (E.D.N.Y. 1995). Here, Freundlich Law obtained the relief Haynes sought, and the Court finds that the hours spent providing those services were both proportionate and reasonable.

* * *

Accordingly, the Court awards the following attorneys' fees:

| Attorney | Hours Worked | Hours After 20% Reduction | Hourly Rate | Fees Awarded |
|---|---|---|---|---|
| Freundlich | 20.7 | 16.56 | $725 | $12,006.00 |
| Grossbardt | 98 | 78.4 | $575 | $45,080.00 |
| Rosenberg | 35 | 28 | $375 | $10,500.00 |
| **TOTAL** | | | | **$67,586.00** |

## IV.   ORDER

For the reasons stated above, it is hereby

**ORDERED** that the attorney fee petition filed in this action by Cornell Ira Haynes, Jr.'s ("Haynes") (Dkt. Nos. 81, 86) is **GRANTED IN PART** and **DENIED IN PART**. The Court awards Haynes reasonable attorneys' fees of $67,586.00. Haynes shall certify in writing to the Court when the required payments are received.

12

**SO ORDERED.**

Dated:     28 May 2026
           New York, New York

_____
Victor Marrero
U.S.D.J.